# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EMILY FENWICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV1822 HEA |
| | ) | |
| CAROLYN W. COLVIN,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 28 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*  For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### Facts and Background

Plaintiff was 32 years old at the time of the hearing.  She was trained as a cosmetologist.  The ALJ found Plaintiff had the impairments of:  schizoaffective Disorder and Atrial Fibrillation with Congestive Heart Failure.  While Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

had a variety of other impairments, the ALJ concluded that these were not severe under the applicable CFR provisions.

At the February 10, 2011 hearing, Plaintiff testified that is married and lives with her husband and and her six children. Plaintiff has a driver's license, but is afraid to drive alone. Plaintiff testified that she can do some cooking and housework. Plaintiff testified she is germ phobic, and that she sees a psychiatrist on a regular basis. Plaintiff testified that she does not like to leave the house because she believes people are looking at her. She did not stay at her cosmetology job because she did not want to touch dirty people. She often has crying spells. She takes medication for her mental problems, but the medicine makes her extremely tired.

A vocational expert also testified. The VE concluded that Plaintiff could perform work that is limited to lifting 10 pounds frequently and 20 pounds occasionally; limited exposure to dust and fumes; simple routine tasks with just occasional changes in routine work setting and just occasional interaction with the public. The VE also testified that there exists jobs in the St. Louis metropolitan area which satisfy these requirements.

Plaintiff's application for social security and supplemental security income benefits under Titles II, 42 U.S.C. §§ 401, *et seq*., and XVI of the Act, 42 U.S.C. § 1381, *et seq* was denied on August 24, 2009. On May 6, 2011, the ALJ issued an

unfavorable decision. On September 3, 2011, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Thus, the decision of the ALJ stands as the final decision of the Commissioner.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); see also *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the

claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a) (4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a) (1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the

claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step.  *Id.*.  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled.  *Moore*, 572 F.3d at 523.  At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy.  *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

## ALJ's Decision

Applying the foregoing five-step analysis, the ALJ in this case determined at Step One that Plaintiff had not engaged in substantial gainful activity since March 1, 2007, the alleged onset date of disability.  At Step Two, the ALJ found that Plaintiff had the following severe impairments: schizoaffective Disorder and

Atrial Fibrillation with Congestive Heart Failure. At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or equaled in severity of any impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

Prior to Step Four, the ALJ found that Plaintiff had the residual functional capacity to perform unskilled light work as defined in 20 CFR 404.1567(b) and 416.967(b) with occasional lifting of twenty pounds and frequent lifting of ten pounds, standing six hours in an eight hour workday, and sitting six hours in an eight hour workday. He limited Plaintiff to only occasional exposure to dust and fumes. Moreover, Plaintiff was limited to simple, routine unskilled tasks with only occasional changes in routine work setting, and occasional interaction with the public.

At Step Four, the ALJ determined that Plaintiff had no past relevant work. At Step Five, the ALJ consider Plaintiff's RFC, age, education, and work experience to determine that there are jobs that exist in the national economy that Plaintiff can perform.

## Standard For Judicial Review

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is

supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)).  In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision.  *Id*.  However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'"  *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'"  *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).  The Court should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached.  *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006).

**Discussion**

In her appeal of the Commissioner's decision, Plaintiff makes the following arguments:: (1) the finding of residual functional capacity are not supported by "some" medical evidence as required by the standards required in *Singh* and *Lauer*; (2) the decision of the Administrative Law Judge relies upon vocational expert testimony that was in response to a flawed hypothetical question that did not capture the concrete consequences of Plaintiff's impairment, and thus the response is not substantial evidence the decision may rely upon.

**RFC and Medical Evidence**

A claimant's RFC is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue,* 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage,

effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

Here, the ALJ considered Plaintiffs impairments and did determine that they were indicative of limiting Plaintiff's ability to perform work.  The ALJ determined that Plaintiff could only perform light work, with certain limitations, *i.e.*, she should only lift 20 pounds occasionally and 10 pounds frequently; she should stand and sit only 6 hours in an 8 hour work day.  She should have only occasional contact with the public and should not be exposed frequently to dust and fumes.

With respect to Plaintiff's argument that the ALJ only gave Dr. Chaganti's opinion "great" weight, rather than controlling weight, the record supports this conclusion.  As the ALJ noted, Dr. Chaganti's opinion was generally consistent with the medical record, however, the medical evidence did not support his conclusion that Plaintiff's condition would require her to miss four days of work each month.

Likewise, the ALJ considered Dr. Chaganti's opinion that Plaintiff could carry out very short and simple instructions, make simple work related decision, get along with co-workers or peers, respond appropriately to changes in the work

setting, interact with the general public appropriately, maintain socially appropriate behavior, and adhere to basic standards of neatness and cleanliness. These characteristics, which Dr. Chaganti found Plaintiff to be able to satisfactorily perform were incorporated into the ALJ's conclusions with respect to Plaintiff's RFC.

Although Plaintiff argues that the ALJ gave more weight to the consulting doctor, Dr. Cross, than to Plaintiff's treating doctor, Dr. Chaganti, the ALJ limited Plaintiff's work abilities more aligned with Dr. Chaganti's limitations than Dr. Cross' findings that Plaintiff could perform more stringent work than assessed to her by the ALJ.

The ALJ's RFC finding is clearly based upon the record as a whole.  The ALJ summarized Plaintiff's testimony regarding her limitations, the treatment notes regarding her impairments, the medical opinions in the record, Plaintiff's representations in her disability report, and the ALJ's credibility findings.  The ALJ applied the proper standard to the facts before him and his determination of Plaintiff's RFC is supported by the record as a whole.

**Flawed Hypothetical Question**

Plaintiff argues that because the RFC was improper, the hypothetical question posed to the VE was necessarily flawed.  As detailed above, the RFC

determination was based upon an assessment of all the required factors and therefore supported by the record.  Utilizing the appropriate RFC, the VE's determination that Plaintiff is capable of performing light unskilled work is also supported by the record, and therefore, the ALJ's reliance thereon was not in error.

## Conclusion

After careful examination of the record, the Court finds the Commissioner's determination is supported by substantial evidence on the record as a whole, and therefore, the decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 21st day of January, 2014.

_____
**HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE**